UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MARK WASHINGTON,

          Plaintiff,                    Case Number 2:26-cv-11830
                                        Hon. Linda V. Parker
v.

MAISHA DEBROSSARD, et. al.

          Defendants.

_____/

## ORDER OF SUMMARY DISMISSAL

James Mark Washington, a prisoner incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons that follow, the complaint is **dismissed without prejudice** because it fails to state a claim upon which relief can be granted.

### I.

Plaintiff has been allowed to proceed without prepayment of fees.  *See* 28 § U.S.C. 1915(a).  However, 28 U.S.C. § 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>
>     (i) is frivolous or malicious;

1

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535

2

(1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail."  *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II.

Plaintiff alleges that on February 19, 2016, Defendant Debrossard, an investigator with Child Protective Services (CPS) in Wayne County, Michigan, initiated an investigation against him.  The investigation alleged that Plaintiff had sexually assaulted his then 11-year-old daughter, BW.[1]  Plaintiff claims that Debrossard initiated this investigation without conducting a face-to-face interview with either BW or BW's mother, Brittani Calhoun.  Plaintiff also claims that Debrossard ignored the fact that Macomb County Child Protective Services had conducted a similar investigation against Plaintiff in 2014 but had not found any evidence of wrongdoing by Plaintiff.

Plaintiff claims that the sexual abuse report prepared by Debrossard showed reckless disregard for the truth and contained falsehoods and/or omissions. The report indicated that the case must be referred to the appropriate law enforcement agency within 24 hours.  Plaintiff claims that the other two named defendants, John Vuetich and Kimberly Williams, both CPS supervisors, violated his constitutional rights by approving Debrossard's allegedly fraudulent report.

---

[1] Because Plaintiff's daughter was a minor at the time of the offense, the Court will refer to her by her initials only to preserve her privacy.  *See* Fed. R. Civ. P. 5.2(a).

Plaintiff claims that an assistant Wayne County Prosecutor, not named in this complaint, used Debrossard's allegedly false report to obtain a warrant to charge Plaintiff with several criminal charges.  Plaintiff was ultimately convicted of two counts of first-degree criminal sexual conduct (victim under 13/defendant 17 or older) (CSC–I), Mich. Comp. Laws § 750.520b(2)(b); assault with intent to commit criminal sexual conduct involving penetration, Mich. Comp. Laws § 750.520g; aggravated indecent exposure, Mich. Comp. Laws § 750.335a(2)(b); and distributing sexually explicit material to a minor, Mich. Comp. Laws § 722.675(1)(a).  His conviction was affirmed on appeal.  *People v. Washington*, No. 334512, 2017 WL 5195839 (Mich. Ct. App. Nov. 9, 2017); *lv. den*. 501 Mich. 1040, 908 N.W.2d 901 (2018).

Plaintiff alleges that his right to due process was violated by Defendant Debrossard's fraudulent CPS report, given that the alleged fraudulent report was the basis for what he alleges is a wrongful conviction.  Plaintiff seeks monetary and declaratory relief.

### III.

The case warrants dismissal for several reasons.

Plaintiff's claim against the Child Protective Services employees challenges the validity of his conviction, but he is unable to obtain monetary damages absent a showing that his conviction had been reversed or overturned.  As  the United States

4

Supreme Court expressed in *Heck v. Humphrey*, in order "to recover monetary damages for an allege[d] unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, invalidated by a state tribunal, or otherwise vacated by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).   Plaintiff does not allege that his conviction was overturned, expunged, or called into question by a writ of habeas corpus, thus, his allegations relating to his criminal prosecution, conviction, and incarceration against the Defendants fail to state a claim upon which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004); *see also Dekoven v. Bell*, 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that Plaintiff seeks to have his criminal conviction set aside in this civil rights action, the civil rights complaint is subject to dismissal.  Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and

5

exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.*

This Court, however, declines to construe Plaintiff's civil rights complaint as a habeas petition because Plaintiff does not allege that his claims have been exhausted with the state courts, nor does the complaint comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. *See Parker v. Phillips*, 27 F. App'x 491, 494 (6th Cir. 2001). Additionally, *Heck v. Humphrey* clearly directs a federal district court to dismiss a civil rights complaint that raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). Because the Court is dismissing Plaintiff's claim pursuant to the guidance in *Heck v. Humphrey*, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767-68 (6th Cir. 2015) (noting that when courts dismiss claims under *Heck*, they typically do so without prejudice).

The complaint lacks any arguable basis in the law; thus, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

6

Accordingly, IT IS HEREBY ORDERED that the civil rights complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failing to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED AND CERTIFIED by the Court that any appeal taken by Plaintiff would not be done in good faith.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 14, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 14, 2026, by electronic and/or U.S. First Class mail.

s/ A. Flanigan
Case Manager
